IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KELVIN DEAN COOK,

                Plaintiff,

v.                                          CIVIL ACTION NO. 2:11-cv-01017

BOB EVANS FARMS, INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Plaintiff's Motion to Remand [Docket 7]. For the reasons discussed below, this motion is **GRANTED**.

**I.    Background**

The plaintiff, Kelvin Dean Cook, filed a complaint in the Circuit Court of Kanawha County on November 29, 2011, naming Bob Evans Farms, Inc. ("Bob Evans") and Terry W. Ragalyi as defendants. The plaintiff alleges that the defendants violated the West Virginia Human Rights Act by discharging him because of his age. According to the complaint, the plaintiff and defendant Mr. Ragalyi are residents of West Virginia, and Bob Evans is an Ohio corporation. Bob Evans removed the suit to this court on December 29, 2011. The defendant

1

alleges that removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446.  On January 12, 2012, the plaintiff filed a motion to remand, which is now ripe.

## II.     Legal Standard

For removal from state to federal court to be appropriate, the federal court must possess original jurisdiction. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 ("Only state-court actions that originally could have been filed in federal court may be removed to a federal court by the defendant."). "A case falls within [a] federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrs v. Schacht*, 524 U.S. 381, 388 (1998).  Even when complete diversity exists, under the "forum defendant rule," a case is not removable if at least one defendant is "properly joined and served" and "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Courts have classified the forum defendant rule as procedural, rather than jurisdictional in nature, and found that unlike the requirement of complete diversity, it is waivable. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 393 (5th Cir. 2009); *Hurley v. Motor Coach Indus., Inc.,* 222 F.3d 377, 379 (7th Cir. 2000); *Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995); *Farm Const. Servs. Inc. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987); *but see Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 (8th Cir. 1992).

The party seeking removal bears the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  Because removal implicates significant federalism concerns, it is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Mulcahey*, 29 F.3d at 151.  If federal jurisdiction is

doubtful, the case must be remanded. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334 (4th Cir. 2008).

Under the doctrine of "fraudulent joinder," however, the court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The burden on the party asserting fraudulent joinder is heavy; the defendant must establish either that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal citation omitted) (internal quotation marks omitted). "The defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at 232-33 (internal citations omitted).

Additionally, the Fourth Circuit has held that "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal citation omitted). In fact, "there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.* at 426 (internal citation omitted). In determining whether the plaintiff has a "glimmer of hope," the court may consider the entire record. *AIDS Counseling & Testing Ctrs. v. Grp. W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

**III.    Analysis**

3

In the Notice of Removal, the defendant states that Bob Evans is a corporation organized under the laws of the State of Ohio and its principal place of business is in Ohio. It notes that, "As of the filing of this Notice of Removal, Defendant Bob Evans Farms, Inc., is the only Defendant to have been properly served in this matter. Further, upon information and belief, Plaintiff seeks damages in excess of $75,000." (Def.'s Notice of Removal [Docket 1], at 1.) The defendant fails to mention anywhere in its Notice of Removal, including in the case style, the co-defendant Terry W. Ragalyi. The plaintiff served Mr. Ragalyi on January 5, 2012, after the defendant removed the suit to this court.

"Diversity jurisdiction is typically determined from the face of the plaintiff's well-pled complaint." *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009) (quoting *Ashworth v. Albers Med., Inc.*, 395 F. Supp. 2d 395, 402 (S.D. W. Va. 2005)). Moreover, "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *see also Pullman Co. v. Jenkins et al.*, 305 U.S. 534, 541 (1939) ("[W]here a non-separable controversy involves a resident defendant . . . the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant."); *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981). The fact that Mr. Ragalyi had not been served when the case was removed does not bear on the court's analysis of the existence of complete diversity.

Accordingly, the court must remand this suit unless the defendant establishes that Mr. Ragalyi was fraudulently joined. The defendant contends that the plaintiff complains of his

4

termination, but in fact, the plaintiff abandoned his job. Moreover, the defendant asserts that "Mr. Ragalyi took no action other than recording Plaintiff's job abandonment with Bob Evans and confirming that such abandonment took Plaintiff off Bob Evans' payroll." (Defs.' Resp. Opp'n Pl.'s Mot. Remand [Docket 10], at 3.)

Under the West Virginia Human Rights Act, an individual, including a fellow employee, can be held liable for engaging in discriminatory practices. *Simmons v. Taco Bell of Am.*, No. 2:11-cv-125, 2011 WL 2076413, at *2 (S.D. W. Va. May 25, 2011) (citing *St. Peter v. Ampak-Div. of Gatewood Prods., Inc.*, 484 S.E.2d 481, 489 (W. Va. 1997)). Consequently, the plaintiff can, as a matter of law, bring a claim against Mr. Ragalyi as an individual. Moreover, in the complaint, the plaintiff alleges that Mr. Ragalyi "was involved either directly, or indirectly, in the decision to terminate plaintiff Kelvin Dean Cook, by either making the final decision, or by recommending the termination of the plaintiff." (Def.'s Notice of Removal [Docket 1], Ex. A at 6.) Whether the plaintiff voluntarily abandoned his job or was terminated is a question of fact that cannot be determined at this time. The defendant has not shown that there is no possibility that the plaintiff can establish a cause of action against Mr. Ragalyi or that there has been outright fraud, and cannot rely on the doctrine of fraudulent joinder to prevent remand.

Although the analysis should end here, the parties brief an issue that is not relevant to the facts at hand, and I briefly explain the distinction that has perhaps created confusion. The question that the parties debate is whether a defendant can remove a case prior to service of the forum defendant *where complete diversity exists*. The answer to this question turns on whether 28 U.S.C. § 1441(b)(2) should be applied literally. Section 1441 governs removal of civil actions, and (b)(2) states: "A civil action otherwise removable solely on the basis of the

5

jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Many district courts have confronted situations where complete diversity existed, but at least one defendant resided in the forum state. In an attempt to defeat the forum defendant rule, the defendants removed the suits to federal court prior to service of the in-state defendant, arguing that because removal occurred before the in-state defendant was "properly served," the forum defendant rule does not apply to prevent removal.

Some courts have refused to apply the statute literally. *See Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 865 (N.D. Ohio 2008); *Sullivan v. Novartis Pharm. Litig.*, 575 F. Supp. 2d 640, 647 (D.N.J. 2008). They have found that the purpose of the "properly joined and served" language is to prevent gamesmanship by plaintiffs who desire to try a suit in state court and attempt to defeat federal jurisdiction by naming a forum-state defendant who they do not intend to ultimately serve and pursue in court. *Ethington*, 575 F. Supp. 2d at 861; *Sullivan*, 575 F. Supp. 2d at 643. These courts have concluded that applying the statute literally would produce an absurd result—allowing defendants to game the system and avoid the forum defendant rule so long as they monitor state dockets and become aware of suits against them before the plaintiffs serve the forum defendants. *Ethington*, 575 F. Supp. 2d at 861; *Sullivan*, 575 F. Supp. 2d at 645-46. Other courts have applied the statute as written. *See Vitatoe v. Mylan Pharm.*, No. 1:08-cv-85, 2008 WL 3540462, at *5 (N.D. W. Va. Aug. 13, 2008); *Ripley v. Eon Labs, Inc.*, 622 F. Supp. 2d 137, 140 (D.N.J. 2007); *see also Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 743 n.2 (S.D. W. Va. 2010). These courts rely on the plain language of the statute, reasoning that it is unambiguous. *Vitatoe*, 2008 WL 3540462 at *5; *Ripley*, 622 F. Supp. 2d at 140.

The facts of the instant suit present a different scenario: a West Virginia plaintiff, a West Virginia defendant who was not served at the time of removal, and an out-of-state defendant. No complete diversity existed at the time of removal. In contrast, in the cases above, complete diversity existed but the forum defendant rule could have prevented removal. Here, without complete diversity, the court does not reach the forum defendant rule or the purported exception that defendants in the cases described above have relied on. This distinction was recognized by Judge Copenhaver in *Justice v. Branch Banking & Trust Co.*, No. 2:08-230, 2009 WL 853993, at *5 (S.D. W. Va. 2009). Like this case, the plaintiff and one defendant were residents of West Virginia, and the other defendant was an out-of-state citizen. *Id.* at *1. Judge Copenhaver explained that complete diversity was lacking and assuming § 1441(b) is procedural, it could not create jurisdiction where none existed under § 1332(a). *Id.* at *5. Judge Copenhaver concluded by stating: "A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant." *Id.*; *see also Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 736 (D. Md. 2006) ("[T]his is an action over which this Court has original jurisdiction . . . [t]he barrier to removal comes only from § 1441(b) which precludes removal where a properly joined and served defendant is a resident of the forum state . . . If [defendant] had destroyed complete diversity, then his presence would have precluded removal whether or not he had been served.") In short, the service requirement of 28 U.S.C. § 1441(b)(2) does not apply because this suit is not "otherwise removable" under § 1332(a) because there is no complete diversity. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed. 2001) ("[A]n action is not removable under Section 1441 unless

7

it originally might have been brought in federal court . . . the basic principles of diversity of citizenship . . . fully apply to cases removed under Section 1441(a) and (b).").

For the above-stated reasons, plaintiff's Motion to Remand is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 8, 2012

Joseph R. Goodwin, Chief Judge

8